Curia, per

Wardlaw, J.
The clerk refused to tax costs, because the recovery was less then £20 currency, as required by Act of 1747, (1 Brev. 194,) and less than $4,00, asfequired by Act of 1799, (7 Stat. 297.) The Statute 8 and 9 W. 3, c. 11, which, by necessity, is somewhat adopted in our practice, (see Treasurers vs. Bates, 2 Bail. 362; Treasurers vs. Buckner, Charleston, Feb. 1841; 1st Wm’s Saund. 58; Id, 187,) and our Act of 1792, (7 Stat. 280,) borrowed from it, were intended to prevent unnecessary suits in equity, by compelling the plaintiff who sues upon a bond, conditioned for any thing else than the payment of money, to collect only the damages he has actually sustained, as they may be assessed by a jury.
But in all cases of debt on bond, if the plaintiff recover, he recovers the penalty, and judgment for the penalty, by the statutory provisions above mentioned, is made to stand as security foi; the sum assessed. By Serg’t Williams’s notes to Saunders, ubi supra, the practice and forms of the entries are fully explained. If, upon a bond for performance of covenants, one dollar be due, the plaintiff is entitled to have it; and no mode is known to our law for him to sue, except by debt on the bond; the assessment of damages must be made by a jury, or the defendant must go into equity to prevent the collection of the whole penalty, which is forfeited by any the slightest breach of the condition. The penalty recovered in this case being, then, much above the sum required to carry costs, the clerk should have taxed the costs of the plaintiff; and the motion is dismissed.
Richardson, O’Neall, and Earle, JJ. concurred.